## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| SUZANNE GOODWIN | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO.** |
| vs. | ) | |
| | ) | |
| METROPOLITAN | ) | |
| COUNSELING SERVICES, INC. | ) | |
| | ) | **Jury Trial Demand** |
| **Defendant.** | ) | |

## COMPLAINT

Plaintiff, Suzanne Goodwin, brings this Complaint against her former employer, Metropolitan Counseling Services, Inc., for violations of the Fair Labor Standards Act and for breach of contract and asks the Court to consider the following:

## I.    Introduction

1.

Defendant, Metropolitan Counseling Services ("Metropolitan"), provides counseling and psychotherapy services throughout the metro-Atlanta area.

2.

In addition to providing counseling and psychotherapy services to clients, Metropolitan also runs a residency program for counselors, psychologists, and social workers seeking to obtain licensure.

3.

Metropolitan does not compensate the participants of its residency program with any wages whatsoever.

4.

The participants in Metropolitan's residency program meet with clients alone, and Metropolitan bills those clients for services rendered.

5.

In addition to meeting with client, Ms. Goodwin and Metropolitan's other residents perform administrative duties for Metropolitan and act as "on call" counselors.

6.

From approximately 2012 until her termination in 2015, Ms. Goodwin participated in Metropolitan's residency program without any wages or other compensation whatsoever.

7.

At a minimum, Ms. Goodwin worked 2,700 hours without receiving any compensation, wages, or pay from Metropolitan.

8.

At the conclusion of her residency program, Metropolitan informed Ms. Goodwin that it would not report the hours that she worked and, therefore, prevented her from obtaining her professional license because she allegedly violated Metropolitan's policy of taking her notes from client interviews home to review and consult.

9.

Metropolitan's refusal to pay Ms. Goodwin at least minimum wage for her work violates the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

## II.    Parties, Jurisdiction, and Venue

10.

Plaintiff, Suzanne Goodwin, is a resident and citizen of the State of Georgia. Ms. Goodwin may be served through the undersigned counsel.

11.

Defendant, Metropolitan Counseling Services, Inc., is a Georgia corporation. At all times relevant to this lawsuit, Metropolitan was Ms. Goodwin's employer for purposes of the Fair Labor Standards Act.  Defendant may be served through its registered agent, Lisa Morris, at 2801 Buford Highway, NE, Suite 470, Atlanta, Georgia 30329.

12.

At all times relevant to this lawsuit, Defendant was (and remains) an enterprise engaged in commerce and, therefore, subject to the Fair Labor Standards Act.

13.

This case arises under the Fair Labor Standards Act and presents a federal question.  Therefore, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.   This Court also has supplemental subject matter jurisdiction over Plaintiff's breach of contract claims because they arise from and form the same case or controversy as set forth in the FLSA claims.  28 U.S.C. § 1367.

14.

This Court has personal jurisdiction over Defendant because it is a resident and citizen of the State of Georgia.

15.

Venue is proper in this district (and in the Atlanta Division) because the Defendant is a resident, as defined in 28 U.S.C. § 1391(c), of DeKalb County, Georgia, which is in this Court's Atlanta Division.

## II.    Plaintiff's Employment

16.

Metropolitan provides counselling and psychological services to clients throughout metro-Atlanta.

17.

Metropolitan is an enterprise engaged in commerce or in the production of goods for commerce, as that phrase is defined in 29 U.S.C. § 203(s)(1).

18.

At all times relevant to this lawsuit, Metropolitan has generated revenue, sales, or business in excess of $500,000.00 per year.

19.

Ms. Goodwin entered Metropolitan's residency program in June 2012.

20.

From June 2012 until June 2015, Ms. Goodwin worked approximately twenty hours per week for Metropolitan without compensation or wages.

21.

During her employment with Metropolitan, Ms. Goodwin never received any wages or salary.

22.

Because Ms. Goodwin was compensated less than $455.00/week, she is not an exempt employee under the "Professional employee" exemption to the FLSA.

23.

In or around June 2015, Metropolitan terminated Ms. Goodwin's employment on the grounds that she allegedly removed her client notes from Metropolitan's facility in violation of Metropolitan's policy.

24.

Metropolitan has refused to certify that Ms. Goodwin performed the number of hours necessary to obtain licensure in violation of its residency agreement with Ms. Goodwin.

25.

As a result of Metropolitan's refusal to certify Ms. Goodwin's hours, she has been unable to receive licensure and has been significantly damaged professionally and financially.

26.

Defendant willfully and knowingly violated the Fair Labor Standards Act by failing to compensate Ms. Goodwin a minimum wage as required in 29 U.S.C. § 206.

27.

Ms. Goodwin is a non-exempt employee under the FLSA.

## COUNT ONE: FAILURE TO PAY MINIMUM WAGE

28.

Plaintiff hereby incorporates Paragraphs 1 through 27 of this Complaint as if set forth fully herein.

29.

Defendant failed to pay Plaintiff at least minimum wage during the entire duration of her employment.

30.

Plaintiff is a non-exempt employee under the FLSA.

31.

Defendants' failure to pay Ms. Goodwin at least minimum wages constitutes a willful and knowing violation of the Fair Labor Standards Act, 29 U.S.C. § 206.

32.

Defendant also failed to keep all records required by 29 U.S.C. § 211(c) regarding the wages, hours, and other conditions of employment of Plaintiff for the time period required by law.

33.

Plaintiff is entitled to the recovery of her unpaid overtime compensation, an equivalent amount in liquidated damages, and his attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT TWO: BREACH OF CONTRACT

34.

Plaintiff hereby incorporates Paragraphs 1 through 33 of this Complaint as if set forth fully herein.

35.

Plaintiff entered into Defendant's residency program and agreed to provide certain services to Defendant in exchange for Defendant's willingness to certify that Plaintiff performed the number of clinical hours necessary to obtain licensure.

36.

Plaintiff performed all of the obligations of Defendant's residency program.

37.

Defendant breached its agreement with Plaintiff by failing to certify the hours that Ms. Goodwin worked.

38.

As a result of Defendant's breach, Ms. Goodwin has not obtained the licensing to her professional and financial detriment.

**COUNT THREE: QUANTUM MERUIT/UNJUST ENRICHMENT**
(In the Alternative to Count Two)

39.

Plaintiff hereby incorporates Paragraphs 1 through 33 of this Complaint as if set forth fully herein.

40.

Plaintiff performed counseling services for clients who Metropolitan billed.

41.

Metropolitan received considerable financial benefit from the counseling services that Ms. Goodwin performed for Metropolitan's clients.

42.

Under principles of equity, it would be unjust for Metropolitan to accept the benefits conferred by Ms. Goodwin without compensation.

WHEREFORE, Plaintiff requests the Court enter the following relief:

A. Grant Plaintiff a jury trial on all claims contained herein;

B. Award Plaintiff damages in amount to be proven at trial for Defendant's willful violation of the FLSA in refusing to compensate Plaintiff minimum wage for the previous three years;

C. Award Plaintiff liquidated damage for Defendants' willful violations of the FLSA;

D. Award Plaintiff attorneys' fees and costs pursuant to 29 U.S.C. § 216(b);

E. Award Plaintiff damages for Defendant's breach of contract; and

F. Grant all other and further relief as the Court finds just and proper.

Respectfully submitted this 7th day of August, 2015.


<u>s/Logan B. Winkles</u>
Logan B. Winkles
Georgia Bar Number 136906
Julie R. Comer
Georgia Bar Number 380547
CANNON, MIHILL & WINKLES, LLC
101 Marietta Street
Suite 3120
Atlanta, Georgia 30303
Telephone: (404) 891-6700
Fax: (404) 891-6701
lwinkles@cmw-law.com
Attorney for Plaintiff