# SEVERANCE AGREEMENT AND GENERAL RELEASE

This Settlement Agreement (hereinafter the "Agreement") is made and entered into between SUZANNE GOODWIN ("Ms. Goodwin") and METROPOLITAN COUNSELING SERVICES, INC. ("MCS") (herein collectively the "Parties").

WHEREAS Ms. Goodwin brought an action on August 7, 2015 against MCS in the United States District Court for the Northern District of Georgia, Civil Action No. 1:15-CV-02788 alleging, among other things, failure to pay minimum wage, breach of contract, and quantum merit/unjust enrichment (the "Lawsuit");

WHEREAS, on August 28, 2015 MCS filed an Answer denying all liability;

WHEREAS, the Parties have engaged in certain discovery in the Lawsuit;

WHEREAS, the Parties wish to resolve the Lawsuit and avoid the disruption and expenses of litigation; and

WHEREAS, the Parties acknowledge that the Lawsuit involves disputed matters and the Parties enter into this Agreement in an effort to compromise disputed matters;

NOW, THEREFORE, in consideration of the foregoing and of the promises contained herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by the Parties, Ms. Goodwin and MCS agree as follows:

1. <u>Certification of Hours</u>. Within five (5) days of the Settlement Effective Date, MCS shall complete and submit to the Georgia Composite Board of Professional Counselors, Social Workers and Marriage and Family Therapists (the "Composite Board") Form E, an example of which is attached hereto as Exhibit 1, identifying Ms. Goodwin as the "Applicant." In the completion of this form, MCS will state that the "Total Number of Hours" of "Supervision Provided" is 94. MCS represents that this number is accurate to the best of its knowledge and belief. In completing the form, MCS may, if it chooses, check the box indicating "Do Not Recommend this Applicant for licensure" without any liability to Ms. Goodwin. The Parties acknowledge that Ms. Goodwin disagrees with the lack of recommendation provided for in this paragraph but further agree that MCS may state this opinion on Exhibit 1.

2. Within five (5) days of the Settlement Effective Date, MCS shall also complete and submit to the Composite Board Form C, an example of which is attached hereto as Exhibit 2. In completing Form C, MCS will identify Ms. Goodwin as the "Applicant" and MCS as the "Name of Agency/Organization." In further completing Form C, MCS will certify that Ms. Goodwin "practiced professional counseling services" at MCS from June 2012 until June 2015 "for 2,408.50 total # of Hours." MCS represents that information is accurate to the best of its knowledge and belief. MCS shall further complete, sign, and notarize Form C as applicable.

US2008 11033187 3

3. <u>Non-Disparagement</u>.

   a) MCS, including its officers, employees, and directors, agrees that it will not make any statements to any third parties, including but not limited to the Composite Board or any of its members, disparaging Ms. Goodwin.

   b) Ms. Goodwin agrees that she will not make any statements disparaging MCS and will not encourage others to engage in litigation against MCS. Ms. Goodwin also agrees that she will arrange for Matthew Baker to sign the Non-Disparagement Agreement attached hereto as Exhibit 3. It is understood and agreed by the parties that if Mr. Baker does not sign Exhibit 3, or if an executed copy of Exhibit 3 is not delivered to counsel for MCS within 30 days of the date of this Agreement ("Required Time To Execute Exhibit B"), then this Agreement shall be voidable by MCS. If MCS seeks to void this Agreement on these grounds, it shall notify counsel for Ms. Goodwin within ten (10) days of the Required Time To Execute Exhibit 3 of its intention, and Ms. Goodwin shall have an additional ten (10) days to obtain the signature of Mr. Baker on Exhibit B and notify MCS.

4. <u>Opposition to Licensure of Ms. Goodwin</u>. Neither MCS nor any of its officers, employees, or directors shall oppose the granting of a clinical professional counsel license to Ms. Goodwin by the Composite Board. Except as stated in this Agreement, MCS shall have no obligation to actively support the application of Ms. Goodwin for a license, any action or failure to act by MCS that is provided for in this Agreement shall not be interpreted as a violation of this paragraph.

5. Neither MCS nor any of its officers, employees, or directors shall not contact the Composite Board for the purpose of opposing the granting of a license to Ms. Goodwin. If the Composite Board contacts MCS or any of its officers, employees, or directors to seek further information about Ms. Goodwin, MCS or its officers, employees, and directors shall provide a neutral, non-disparaging response, stating the following: "because of a confidential settlement agreement, MCS cannot offer any additional information," or words to that effect. MCS shall instruct its officers, employees, and directors to provide the above-stated response in the event such person is contacted by the Composite Board.

6. Ms. Goodwin will notify the Composite Board within ten (10) days of the Settlement Effective Date that she is no longer associated with MCS and shall notify MCS that she has done so. If MCS does not receive such notice within twenty (20) days of the Settlement Effective Date, then MCS may notify the Composite Board that Ms. Goodwin is no longer associated with MCS.

7. MCS certifies that as of the date of the execution of this Agreement, neither it nor any of its officers, directors, or employees has made any comments (positive or negative) to the Composite Board (or any of its members) regarding Ms. Goodwin. MCS agrees that this certification is a necessary part of this Agreement and that should this

certification be inaccurate then this Agreement is voidable by Ms. Goodwin. If Ms. Goodwin seeks to void this Agreement on these grounds, she shall notify counsel for MCS within ten (10) days of learning of the evidence suggesting the certification contained herein is inaccurate, and the Parties agree to work in good faith to resolve the issue prior to Ms. Goodwin exercising her rights to void the Agreement.

8. <u>Payment</u>. MCS will pay Ms. Goodwin the sum of $7,500, less any lawful withholding for back wages. MCS shall make the payment within ten (10) days of the Settlement Effective Date by check made payable to "Cannon, Mihill & Winkles IOLTA Trust Account." This Payment shall compensate Ms. Goodwin as follows:

   <u>A.</u>   $3,450.00 for claims for attorneys' fees;

   B.    $2,025.00 for claims for back wages; and

   C.    $2,025.00 for claims for liquidated damages.

9. <u>Release of Claims By MCS</u>.

   a) For and in consideration of the mutual promises contained herein, MCS releases and discharges Ms. Goodwin from any and all losses, expenses, liabilities, claims, rights, and entitlements of every kind and description (collectively the "Claims"), whether known or unknown, that MCS has now or may later claim to have had against the Ms. Goodwin arising out of anything that has occurred up through the date MCS signs this Agreement, including, without limitation, any Claims arising out of Ms. Goodwin's association and claimed employment with MCS or termination of such status with MCS.

   b) MCS expressly acknowledges that this Agreement is intended to include in its effect, without limitation, all Claims which MCS does not know or suspects to exist in its favor at the time MCS signs this Agreement, and that this Agreement contemplates the extinguishment of any such Claim or Claims. Thus, in order to effectuate a full and complete release and discharge of Ms. Goodwin, MCS expressly waives and relinquishes all rights and benefits which MCS may have under any state or federal statute or common law principle that would otherwise limit the effect of this Agreement to Claims known or suspected prior to the date MCS signs this Agreement.

   c) By signing this Agreement and accepting the benefits described above, MCS agrees that MCS will not pursue any of the Claims against Ms. Goodwin in any federal, state, or local court. This "covenant not to sue" does not, however, prevent MCS from seeking a judicial determination of the validity of MCS's release of claims. MCS agrees that the promises contained herein are in full and final settlement of any costs, claims, liabilities, expenses, suits, causes of action, demands, damages, rights and losses, that MCS has, had, or might have against

US2008 11033187 3

Ms. Goodwin arising out of or in connection with Ms. Goodwin's claimed employment or association or the termination thereof with MCS.

10. <u>Release of Claims by Ms. Goodwin</u>.

    a) For and in consideration of the promises contained herein, Ms. Goodwin releases and discharges MCS, its officers, board members, employees, attorneys, and agents, and any affiliated or related entity or organization (collectively "MCS Released Parties") from any and all losses, expenses, liabilities, claims, rights, and entitlements of every kind and description (collectively the "Claims"), whether known or unknown, that Ms. Goodwin has now or may later claim to have had against any of the MCS Released Parties arising out of anything that has occurred up through the date Ms. Goodwin signs this Agreement, including, without limitation, Ms. Goodwin's association with MCS and the termination thereof, and specifically including any claims for back pay, reinstatement, front pay, unpaid wages, penalties, liquidated damages, personal injuries, breach of contract (express or implied), or for recovery of any losses or other damages to Ms. Goodwin or Ms. Goodwin's property based on any alleged violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.; the Georgia Minimum Wage Law, O.C.G.A. § 34-4-1 et seq.; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (prohibiting discrimination on account of race, sex, color, national origin, or religion); the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. (prohibiting discrimination on account of disabilities); ); the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq. (prohibiting discrimination on account of age); the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq.; the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq.; 42 U.S.C. § 1981; the Georgia Equal Employment for Persons with Disabilities Code, O.C.G.A. §§ 34-6A-1 to 34-6A-6 (prohibiting discrimination on account of disability); any ordinances of the City of Atlanta (including the City of Atlanta Fair Private Employment Ordinance prohibiting discrimination in employment); or any other federal, state, or local statutory or common law claim.

    b) Ms. Goodwin expressly acknowledges that this Agreement is intended to include in its effect, without limitation, all Claims which she does not know or suspects to exist in her favor at the time she signs this Agreement, and that this Agreement contemplates the extinguishment of any such Claim or Claims. Thus, in order to effectuate a full and complete release and discharge of the MCS Released Parties, Ms. Goodwin expressly waives and relinquishes all rights and benefits which she may have under any state or federal statute or common law principle that would otherwise limit the effect of this Agreement to Claims known or suspected prior to the date Ms. Goodwin signs this Agreement.

    c) By signing this Agreement and accepting the benefits described above, Ms. Goodwin agrees that she will not pursue any of the Claims against the MCS

4

Released Parties (or any one or more of them) in any federal, state, or local court. This "covenant not to sue" does not, however, prevent Ms. Goodwin from seeking a judicial determination of the validity of her release of claims. Ms. Goodwin agrees that the payments to be made to her are in full and final settlement of any costs, claims, liabilities, expenses, suits, causes of action, demands, damages, rights and losses, that she has, had, or might have against the MCS Released Parties (or any one or more of them) arising out of or in connection with Ms. Goodwin's employment or association or the termination thereof with MCS. Ms. Goodwin further acknowledges that should any administrative complaint or charge be filed against the MCS Released Parties (or any one or more of them) with any federal, state, or local agency, including, for example, the Equal Employment Opportunity Commission or the Department of Labor, she will have no right to recover damages or obtain relief of any kind. Nothing contained herein shall prevent Ms. Goodwin from complying with any administrative agency directive, court order or subpoena, or other valid legal process.

11. <u>The Parties Will Seek Approval of the Settlement of Wage Claims</u>. The Parties will seek approval of the Court of the settlement herein, to the extent that it involves claims under the Fair Labor Standards Act or other violations of state or federal wage hour laws. Each Party shall support the application for court approval of the settlement.

12. <u>Agreement Void if Court Approval Denied</u>. It is understood and agreed that the settlement contained herein is viewed by both parties as a whole, and that the Parties' inability to obtain all consideration provided herein will render the Agreement void and unenforceable. If the Court refuses to approve the settlement presented to it, all aspects of this Agreement and the settlement provided for in it are void and unenforceable. In the event that the settlement is voided by a failure of the Court to approve, then no aspect of this Agreement or of the settlement shall be admissible against any party as an admission of any act or of any liability or lack thereof. In the event that the settlement is voided due to the failure of the Court to approve, then each Party may assert all claims and defenses available to the Party prior to entering into this Agreement.

13. Each Party states that it has been represented by counsel in negotiation of this Agreement, that they fully understand and have carefully reviewed all aspects of this Agreement, that they have adequate time and opportunity to review this Agreement and a full opportunity to consult with their attorneys concerning it, that they are voluntarily entering into this Agreement and have not been forced, pressured or coerced in any way in signing, and that they are not relying on any written or oral representations or statements that are not contained herein.

14. <u>Effective Date</u>. This Agreement shall be effective upon the date that the parties have executed it below. The Agreement may be executed in counterparts and counterparts may be effectively delivered by electronic means, with executed copies subsequently served by U.S. Mail. The settlement shall be effective ("Settlement Effective Date") following the Effective Date when the Court has issued an order approving the Settlement.

US2008 11033187 3

15. <u>Dismissal of the Lawsuit</u>. The Parties shall seek dismissal of this action in connection with their application to the Court for approval of the Settlement. If the Settlement is approved, but the Court does not act to dismiss the lawsuit, Ms. Goodwin shall dismiss the Lawsuit within ten (10) days of the approval of the Settlement by the Court.

16. <u>Non-Admission</u>. This Agreement is not, and shall not be interpreted or construed as an admission or indication that any Party has engaged in any wrongful, improper or unlawful conduct of any kind. MCS expressly denies that it has engaged in any wrongful, improper, or unlawful conduct. Ms. Goodwin denies that she has engaged in any wrongful, improper, or unlawful conduct. Further, nothing herein, including references to laws regarding employment and Ms. Goodwin's claim of employment, shall be treated as an admission by MCS that Ms. Goodwin at any time had the status of an employee of MCS.

17. <u>Confidentiality</u>. The Parties agree to keep the terms of this Agreement completely confidential, except as required by law or otherwise provided in this Agreement. As provided elsewhere in this Agreement, MCS may reference the existence of this Agreement in order to explain a refusal to provide additional information about Ms. Goodwin. Ms. Goodwin may disclose information concerning this Agreement to her family, to her professional advisors, and to Matthew Baker. MCS may disclose information concerning this Agreement to its officers, board members, and professional advisers.

18. <u>Construction of this Agreement</u>. This Agreement shall be construed as a whole, according to its fair meaning, and not strictly for or against either of the Parties. The provisions of this Agreement are severable, and the validity of any provision does not affect the validity of other provisions. This Agreement and any disputes that may arise out of this Agreement shall be governed by the law of State of Georgia, without reference to its conflict of the law and principles.

Agreed to and accepted as of this _____ day of _____, 2016.

_____       _____
SUZANNE GOODWIN                                                          Date

_[signature]_____       __2-15-16_____
METROPOLITAN COUNSELING SERVICES, INC.        Date

6

15. **Dismissal of the Lawsuit.** The Parties shall seek dismissal of this action in connection with their application to the Court for approval of the Settlement. If the Settlement is approved, but the Court does not act to dismiss the lawsuit, Ms. Goodwin shall dismiss the Lawsuit within ten (10) days of the approval of the Settlement by the Court.

16. **Non-Admission.** This Agreement is not, and shall not be interpreted or construed as an admission or indication that any Party has engaged in any wrongful, improper or unlawful conduct of any kind. MCS expressly denies that it has engaged in any wrongful, improper, or unlawful conduct. Ms. Goodwin denies that she has engaged in any wrongful, improper, or unlawful conduct. Further, nothing herein, including references to laws regarding employment and Ms. Goodwin's claim of employment, shall be treated as an admission by MCS that Ms. Goodwin at any time had the status of an employee of MCS.

17. **Confidentiality.** The Parties agree to keep the terms of this Agreement completely confidential, except as required by law or otherwise provided in this Agreement. As provided elsewhere in this Agreement, MCS may reference the existence of this Agreement in order to explain a refusal to provide additional information about Ms. Goodwin. Ms. Goodwin may disclose information concerning this Agreement to her family, to her professional advisors, and to Matthew Baker. MCS may disclose information concerning this Agreement to its officers, board members, and professional advisers.

18. **Construction of this Agreement.** This Agreement shall be construed as a whole, according to its fair meaning, and not strictly for or against either of the Parties. The provisions of this Agreement are severable, and the validity of any provision does not affect the validity of other provisions. This Agreement and any disputes that may arise out of this Agreement shall be governed by the law of State of Georgia, without reference to its conflict of the law and principles.

Agreed to and accepted as of this 15th day of February, 2016.

_____    2/15/2016
SUZANNE GOODWIN                     Date


_____    _____
METROPOLITAN COUNSELING SERVICES, INC.   Date

6

US2008 11033187 3



**GEORGIA COMPOSITE BOARD OF PROFESSIONAL COUNSELORS, SOCIAL WORKERS AND MARRIAGE AND FAMILY THERAPISTS**
237 Coliseum Drive
Macon, Georgia   31217-3858
(478) 207-2440 (Telephone)
www.sos.state.ga.us/plb/counselors

**APPLICATION FOR CLINICAL PROFESSIONAL COUNSELOR LICENSE BY EXAMINATION**
**PROFESSIONAL COUNSELING SUPERVISION VERIFICATION FORM**
**FORM E**

**INSTRUCTIONS:** Please print or type. **NO FAXED FORMS ACCEPTED.**
**APPLICANT**
- **Complete Part I** and forward this form to each supervisor from the organization or agency in which you completed your directed experience practicing Professional Counseling. Complete a separate form for each Directed Experience Supervisor listed in your application. Use this form to only verify Professional Counseling supervision.
- If you need additional forms, you may photocopy this form.

**DIRECTED EXPERIENCE SUPERVISOR**
- The Directed Experience Supervisor must Complete Part II and return it to the Applicant for inclusion with the Application for licensure.
- "Supervision" means the direct clinical review by a Supervisor for the purpose of training or teaching of a Professional Counselor's interaction with a client.

### PART I - APPLICANT

NAME OF APPLICANT:_____
First          Middle          Last          Maiden

SOCIAL SECURITY NUMBER:

### PART II - DIRECTED EXPERIENCE SUPERVISOR

I HEREBY CERTIFY THAT I SUPERVISED THE ABOVE-NAMED INDIVIDUAL IN THE PRACTICE OF PROFESSIONAL COUNSELING AS FOLLOWS:

**SUPERVISION:**

| Supervision Provided: | From: (Month/Year) | To: (Month/Year) | Total Number of Hours: |
|---|---|---|---|
| Description of Practice Supervised: | | | |

I attest that I served as this Applicant's Directed Experience Supervisor, as defined above, that this description is a true and accurate representation of my supervision of this Applicant, and I:
☐ Recommend  ☐ Do Not  Recommend this Applicant for licensure.

_____        _____
Date                                               Signature of Directed Experience Supervisor

Highest Level of Education Completed   Master's_____   EdD_____   PhD_____   Other_____

Years of Experience After License Issued:                Printed Name:

Address:_____
Street                                        City                     State        Zip Code

Telephone #: (____) _____        Fax #: (____) _____

| License Type: | License #: | State: | Date Originally Issued: | Exp. Date: |
|---|---|---|---|---|

Sworn to and subscribed before me this
_____day of_____,_____.

_____
Notary Public                                                                  NOTARY SEAL
My Commission Expires: _____.



**GEORGIA COMPOSITE BOARD OF PROFESSIONAL COUNSELORS,
SOCIAL WORKERS AND MARRIAGE AND FAMILY THERAPISTS**
237 Coliseum Drive   Macon, Georgia 31217-3858
(478) 207-2440 (Telephone) * www.sos.state.ga.us/plb/counselors

### APPLICATION FOR PROFESSIONAL COUNSELOR LICENSE BY EXAMINATION
### PROFESSIONAL COUNSELOR DIRECTED EXPERIENCE VERIFICATION FORM - FORM C

- Please print or type.
- **APPLICANT** – Complete Part I and forward this form to the agency or organization in which you completed your directed experience practicing Professional Counseling.
- **AGENCY OR ORGANIZATION** - The Director must Complete Part II and return it to the Applicant for inclusion with the Application for licensure.

### PART I – APPLICANT

Applicant's Name: _____   Social Security Number: _____/_____/_____
                    Last       First       Middle

### PART II – AGENCY OR ORGANIZATION

**INSTRUCTIONS:**
- "Direction" means the on-going administrative oversight of an employer or superior of a practitioner's work.
- **Please See Rule 135-5-.02 for definitions.**

### CERTIFICATION

I CERTIFY THAT THE ABOVE-NAMED INDIVIDUAL PRACTICED PROFESSIONAL COUNSELING AT THE FOLLOWING LOCATION:

_____
Name of Agency/Organization
Address: _____
          Street            City            State       Zip Code

From: _____ To: _____ For _____ Total # of Hours; for $ _____ Wages/Salary

_____                    _____
Date                                             Signature of Director or Authorized Person

_____                    _____
Name of Agency or Organization                   Printed Name

                                                 _____
                                                 Title/Position

_____                    _____
Street Address                                   City       State       Zip Code

Telephone: (    )                  Fax: (    )

Sworn to and subscribed before me this
_____day of_____,_____.

_____                                  NOTARY SEAL
Notary Public
My Commission Expires:_____.

12-08-15

# EXHIBIT 3

## BAKER AGREEMENT

For and in consideration of the premises made to Suzanne Goodwin by Metropolitan Counseling Services, Inc. ("MCS"), and other good and valuable services, Matthew Baker ("Mr. Baker") hereby agrees that he will not disparage MCS, its officers, employees, or Board members. Mr. Baker understands that any violation of this Agreement by him may result in claims being asserted against Suzanne Goodwin for forfeiture of benefits she has received from MCS and that he may be liable for damages for breach of this Agreement.

I have read and agree to the terms of this Agreement.

_____          _____
Date                                                                    Matthew Baker

US2008 11066433 1